PUGET SOUND IRON COMPANY, Plaintiffs in Error,

*v.*

T. R. WORTHINGTON and JAS. K. WORTHINGTON, (Copartners, doing business under the firm name of Worthington Brothers), Defendants in Error.

Under our Code system of pleading, the technical learning of the common law pleader is of little value.

The plaintiff is required to state his cause of action with sufficient particularity to inform the defendant of its real character.

The defendant must, in his answer, deny the matters alleged, or he must state new matters in avoidance, or by way of counter claim.

If the pleadings are not full and accurate, the remedy is by motion to cure the defect.

Affirmative matter in an answer, which, in effect, amounts to nothing more than denial of the allegations of the complaint, and a reply thereto, adds nothing to the issue already formed by the defendant's denial of the allegations of the complaint.

If a defendant denies making the contract alleged, it is irrelevant to the case to set forth a contract he admits he did make.

A defendant who has, by such affirmative matter in his answer, set the bad example of pleading, cannot complain of the Court in refusing to strike like irrelevant matter from the reply in response thereto.

If the trial Court committed error in admitting certain evidence, but in its charge to the jury withdrew such evidence from their consideration, the error was thereby cured.

A contract made between the owner of timber and an iron furnace and another person, by which the latter was to cut the wood, and allow for it at the rate of one dollar per cord, and manufacture the same into charcoal for the former, and receive compensation at the rate of eight cents per bushel, is not a sale, and is not within the Statute of Frauds, and may, therefore, be altered by parol.

The fact that a notice of appeal is found entered in the record of the District Court prior in order to the judgment sought to be appealed from, both being in the records of the same day, creates no presumption that notice of appeal was given before the rendition of judgment; but on the contrary, the presumption would be that judgment had first been entered.

The record in this case shows a proper assignment of errors, properly served, but the same is not mentioned in a certificate of the clerk of the lower Court, which enumerates other papers ; *Held,* not a proper ground of dismissal, and that the objection, if any, should be directed to the faulty certificate.

The statement of facts provided in Section 3 of the Act of 1883, relative to appeals, is intended to include everything material that transpired in the cause not otherwise a part of the record.

Both a statement and bill of exceptions in the same case are not contemplated, although the Court does not intimate that both the exceptions and evidence may not be brought to this Court by a bill of exceptions, under the Act of 1883.

The notice under the Act of 1883, for a settlement of the statement of facts to be used on appeal, need not be accompanied either with the original, or a

copy of the statement of facts sought to be settled, although the Court inti-
mates a proper practice would be to lodge the proposed statement of facts
with the Clerk of the Court for the inspection of the opposite party.

The instructions of the lower Court returned into this Court as a separate pa-
per, with no other sanction than the Clerk's certificate, are stricken from the
files.

A statement of facts coming into this Court separate from the transcript,
bearing no file mark of the lower Court, and accompanied with no evidence
that it was transmitted to this Court with the transcript by the Clerk of the
District Court, cannot be considered by this Court as part of the record of
this cause.

In view of the fact that objection to such statement was first made on the argu-
ment of the cause, the Court granted a reasonable time in which to au-
thenticate such statement.

Error, to Third Judicial District, holding terms at Port Townsend.

A special appearance was made by the defendants in error, accompanied by a motion to dismiss because no notice of appeal had been given, and because there had been no assignment of errors.

The motion was principally based on the fact that the journal of the lower Court showed the record of the notice of appeal prior in place to the entry of the judgment sought to be reviewed, although both entries were of the same day; and the further fact that in the certificate of the clerk of the District Court attached to the transcript, no mention was made of the assignment of error, while the certificate contained a somewhat special and detailed enumeration of the other papers included in the transcript.

However, an assignment of errors proper in form, having endorsed upon it a regular return of service, was found in the transcript.

The motion to dismiss having been overruled, a motion was made to strike from the case a copy of the instructions given the jury on the trial.

These instructions were not a part of the transcript, and had no other authenticity than the certificate of the clerk of the District Court, that they were copies of the originals on file in his office.

The motion for settlement of the statement of facts made upon defendant in error was not accompanied with the original, nor a copy of the statement asked to be settled; and for this

reason a motion was made to strike the statement of facts, and also for the reason that exceptions taken in the course of the trial had not been preserved by means of bills of exception prepared at the time, but only by the statement settled subsequent to the trial.

This motion, also, having been overruled, the cause was heard upon its merits.

The case arose out of a breach of contract, entered into between the owners of certain timber and an iron furnace, defendants in the District Court, who had employed plaintiffs below to take ten thousand cords of wood on defendants' premises, to allow defendants therefor one dollar per cord—manufacture the same into charcoal for defendants, and receive therefor eight cents per bushel, applying the estimated value of the wood in part payment.

Subsequent to the making of the original contract, by oral agreement it was so far changed as to embrace about four thousand cords more of wood; after this alteration, plaintiff below proceeded with the performance of the contract, until ten thousand cords of wood were consumed. Defendant refusing to go farther, action was brought for a breach of the contract. The contention on the one side was that the contract was one for the sale and delivery of the wood and coal, and as such came under the Statute of Frauds; while on the other it was a contract for the manufacture of charcoal not affected by the statute.

*Jacobs & Jenner, J. R. Lewis & Son,* and *Bradshaw & Sachs,* for Plaintiff in error.

The Statute of Frauds required this contract to be in writing. (Code, Sec. 2326; 1 Benjaman on Sales, p. 153, Sec. 132; *Watts* v. *Friend; Brown* v. *Sanborn,* 22 Minn. 402; Ibid, Benjamin on Sales, note 7, 143.) Rule to determine whether it is a contract for work and labor or a sale, 1 Benjamin on Sales, 120; 1 Benjamin on Sales, Sec. 117, 136.

The evidence must prove either a rescission or abandonment of the old agreement, and a substitution, where the Statute of Frauds will permit of a new parole agreement whose terms may be both old and new; or the old agreement standing intact, pa-

role evidence is admissible to establish collateral agreement not repugnant to the written contract.    (13 Pick. 450; 16 Cal: 139; 1 Greenleaf's Evidence, 303.)

The answer denied a few of the averments of the complainant, and then as new matter set forth said contract in *hæc verba*, and alleged performance.    The reply admitted the contract, but set up the changes and alteration of this contract subsequent to its execution.

This was a departure in pleading.    (Code, Secs. 86, 89; 1 Chitty on Pleadings, 644, 648; Coke, 304 a; Van Sandf. Pleadings, 631–32, 636.)

It is bad on general demurrer.    (*Durbin* v. *Smith*, 16 Ohio St. 533; 1 Nash Pleadings, 265.)

*Burke & Haller*, for Defendants in error.

We cite the following authorities in support of the motion to strike from the paper purporting to be a statement of facts in this cause, all statements of exceptions taken or allowed therein, for the reason that said exceptions were not saved, or a bill thereof made, at the time the several rulings were made, or thereafter within the time allowed by law.    (Code of Washington, Secs. 258, 259; Sedgwick on Statutory Construction, 2d ed., 209, 212; *Breemer* v. *Burgess*, Wash. Ter., July Term, 1884, 5 Pacific Reporter, 733; Powell on Appellate Proceedings, p. 121, Sec. 12; p. 221, Sec. 15; p. 222, Sec. 16; p. 238, Sec. 40; *Walton* v. *United States*, 9 Wheaton, 650; *Ex parte Bradstreet* v. *Thomas*, 4 Peters, U. S. 107; *Muller* v. *Ehlers*, 1 Otto, 249; *Caughlan* v. *District of Columbia*, 16 Otto, 7; *Eagle Manufacturing Co.* v. *Draper*, 14 Blatchford, 334; *Kline & Perry* v. *Wynne*, *Haynes & Co.*, 10 Ohio State, 223; *Hicks* v. *Person*, 19 Ohio, 426; *Higgins* v. *Mahoney*, 50 Cal. 444.)

The contract did not come within the Statute of Frauds; it was not a sale.    (Benjamin on Sales, 2d Am. ed., Secs. 99, 100, 101, 105, 109, and cases cited; *Goddard* v. *Binney*, 115 Mass. 450; *Hight* v. *Repley*, 19 Me. 137; 3 Parsons on Contracts, 6th ed., star p. 40; *O'Neil* v. *New York Mining Co.*, 3 Nev. 141; 3 Wait's Actions and Defenses, 514; 7 Wait's Actions and Defenses, 49.)

Were it a contract within the statute, the delivering and man-

ufacturing of thirteen thousand cords of wood, and acceptance by defendant, would be part performance, taking it out of the statute. (Code, Sec. 2326; 3 Parsons on Contracts, 6th ed., star pp. 43, 44; Benjamin on Sales, 2d Am. ed., Sec. 169; *Dickenson* v. *Dickenson*, 29 Conn. 600.)

If the contract was all in writing, as claimed by defendant in the Court below, yet oral evidence was admissible to point out and designate the subject matter to which the written agreement related. (*Cabot* v. *Winser et al.*, 1 Allen, Mass. 546; *Thornington* v. *Smith*, 8 Wall. 1; 1 Greenleaf on Evidence, Redfield's ed., Secs. 277, 285, 286, 287, 288, 295 a, 298, 298 a; *Strong* v. *Doyle*, 110 Mass. 92; *Bradley* v. *United States*, 6 Otto 168.)

The Court and jury were properly put in possession of all the circumstances surrounding the parties at the time of the transaction. (See authorities cited above; *Nash* v. *Lowell*, 5 Wall. U. S. Rep. 699; *Goddard* v. *Foster*, 17 Wall. 142.)

It was impossible for the Court to exclude oral testimony until it appeared that the same was objectionable. The defendant in the Court below was not injured by the admission of testimony of prior conversations between the parties, for all prior negotiations, propositions, talks and bargainings were excluded by the Court in its charge from the consideration of the jury. (Powell on Appellate Proceedings, 126, 127, note 2, Sec. 18; p. 129, Sec. 21; p. 133, Sec. 27; *Brown Bros.* v. *Joe Forrest*, 1 W.. T. Rep. 201; *Phillips* v. *Runnels*, 43 Am. Dec. 109; *Northampton Bank* v. *Balliet*, 42 Am. Dec. 297; *Corville* v. *Stout*, 10 Ala. 796; *Miller* v. *Miller*, 4 Penn. State, 417; *Ewing* v. *Alcorn*, 40 Penn. 492; *Viser* v. *Bertrand*, 16 Ark. 296; *Barringer* v. *People*, 14 N. Y. 593; *Brown* v. *Cowell*, 12 Johnson, 384; *McKay* v. *Lowe*, 5 Fla. 269.)

There being no error in the record, and this appeal or writ of error being taken manifestly for delay only, this Court should award 15 per cent. damages. (Code of Wash. Ter., Sec. 477, p. 117; *Hennessy* v. *Sheldon*, 15 Wallace, 440; *West Wisconsin Railway Co.* v. *Foley*, 4 Otto, 100; *Armory* v. *Armory*, 91 U. S. 356; *Banow* v. *Hill*, 13 Howard, U. S. 54; *The " Douro,"* 3 Wallace, 564; *Sutton* v. *Bancroft*, 23 Howard, U. S. 320.)

There was no error in admitting evidence relating to a subse-

quent oral contract enlarging the terms of the written contract. (1 Greenleaf on Evidence, Redfield's ed., Secs. 303 and 304; 1 Wait's Actions and Defenses, 115, 116; *Cummings* v. *Arnold*, 37 Am. Dec. 155; *Piatt's Administrator* v. *United States*, 22 Wallace, 506; *McFadden* v. *O'Donnell*, 18 Cal. 160; *Emerson* v. *Slater*, 22 Howard, U. S. 41.)

The reply was not a departure from the complaint, and there was no error in overruling the demurrer to it; the reply merely made a new assignment, to more fully notify the defense of the exact cause of action. (Bliss on Code Pleading, 1st ed., Secs. 390, 394, 395; 1 Chitty on Pleading, 12th Am. ed., from 7th London ed., star page 624.)

### REPLY.

No particular form of exceptions is required. (Code, Sec. 257.)

The whole " pith " of a bill of exceptions under the Code system is, that there be sufficient to show to the appellate Court that an objection was made, a ruling had, an exception taken and allowed.

The certificate of the Judge to the statement sent up shows all these things, and, in fact, constitutes a bill of exceptions. (*State* v. *Fay*, 43 Iowa, 651; *Hay* v. *Frazier*, 49 Iowa, 454; Code of 1881, Sec. 221, Sub. 4.)

The record shows that the exceptions were taken and allowed at the proper time, and were signed at a time fixed by the Court and Judge thereof.

So the same discloses what instructions were " given " and " refused," and the rulings of the Court therein are properly here for consideration. (*Davenport Gas Light & Coke Co.* v. *Davenport*, 13 Iowa, 230.)

Opinion by TURNER, Associate Justice.

The appellees move to dismiss this appeal, which was taken under the Appeal Act of 1883, because :

1. No notice of appeal from the final judgment in this cause, or from any judgment therein, was ever given or served.

2. No notice of assignment of error has been made or served.

1.  The record shows that notice of appeal was given by the appellant in open Court and entered upon the journal of the Court, as required by the Act of 1883.  This notice was given on the same day that the judgment was pronounced, but its entry upon the journal precedes the entry of judgment.

It is assumed by the appellees, from this fact, that the notice was given before the judgment was pronounced ; and it is argued correctly from this assumption that the notice had no efficacy as a step in removing the cause to this Court.

We do not think that the order in which the proceedings of the Court upon the same day are entered in the journal necessarily determines the order in which those proceedings occurred.  These entries are but the history of past transactions, and in the absence of some indication to the contrary, it is proper to look to the sense of the different steps of the Court, which are the subject of the entries, to determine their sequence, rather than to the order in which the clerk, performing a purely ministerial duty, makes note of those steps.  The judgment and the notice of appeal having been entered in the journal upon the same day, and the latter naturally following the former in the correct and orderly prosecution of the suit, it will be presumed that the notice of appeal was not given until after judgment.

2.  We find a proper assignment of errors, with a proper return of service upon the appellees, in the record.  The clerk of the lower Court, in his certificate to the transcript, unnecessarily descended to particulars, and undertook to describe in his certificate each and every paper included in the transcript, and he omitted to include in that description the assignment of errors.

The objection of the appellees should have been to the certificate to the transcript.  There is an assignment of errors in the record.

The form in which the objection is made is faulty as being inaccurate, and as failing to inform the plaintiffs in error with certainty of the particular defect moved against.

The motion to dismiss is denied.

The appellees move to strike from the statement of facts in the cause all statements of exception to the rulings of the Court allowed therein, because said exceptions were not saved in a

regular bill of exceptions, as provided by the Code, Chapter XIX.

The statement of facts provided to be settled by Section 3 of the Act of 1883, may include everything material that transpired in the cause not otherwise a part of the record. This was obviously the intention of the Legislature. If a party wishing to appeal were required to preserve his exceptions by a regular bill of exceptions, the procedure by appeal under the Act of 1883 would be more cumbersome than it was before the passage of that act. He would be required to present the Judge with a bill of exceptions and statement of facts, where before he could have combined both his exceptions and his facts in his bill of exceptions.

Considering the spirit of the Act of 1883, the language should be imperative to justify such a construction.

The exceptions were properly preserved in the statement of facts. We do not mean to indicate an opinion, that both the exceptions and the evidence may not be preserved by bill of exceptions, and be brought to this Court with the balance of the record by appeal, under the Act of 1883.

The appellees move to strike the statement of facts from the record, for the reason that the notice for the settlement of the statement of facts served upon them was not accompanied by a copy of the proposed statement, and did not in any way indicate its contents to them, or in any other manner give them means to acquaint themselves with its contents.

The Act of 1883 does not require anything more in this connection than notice by the appellant to the appellee, within thirty days after the rendition of the order or judgment desired to be reviewed, to appear before the Judge upon a day named, which day shall not be less than ten days after the day of service of the notice, to settle and agree upon the facts. This is the plain requirement of the law—no more, no less.

To import into it by the decision of the Court the requirement that a copy of the proposed statement of facts shall accompany the notice, or that the original of the proposed statement shall be lodged somewhere for the inspection of the appellees, would be to assume to ourselves legislative functions.

Counsel for appellees did not indicate clearly whether in their

opinion they should have a copy of the proposed statement, or whether the notice should have informed them that the statement had been lodged with some other officer for their inspection. Considering the size of some of the statements of fact produced at the present term, to require a copy to be served in all cases would be an intolerable burden, which we are indisposed to hold that the Legislature intended to impose, in the absence of explicit directions to that effect.

To hold that the original statement must be lodged with some one, would require us to evolve from our inner consciousness the particular individual or official upon whom this trust should be devolved. We cannot do it.

No doubt it would add efficacy to the Act of 1883 to require the proposed statement of facts to be lodged with the clerk of the lower Court for the inspection of the appellee, at the same time that the notice to settle the facts is given; and probably the Court has power by rule to require this to be done for the future. But this notice is to be measured by the Act of 1883 alone, and measured by that we deem it sufficient.

The motion to strike from the transcript what purports to be the instructions given and refused by the Judge, is granted. These instructions are not included in the statement of facts signed by the Judge, nor are they preserved by bill of exceptions. They are certified by the clerk as a part of the record. Manifestly, they are no part of the record, and they have no business in the transcript.

The appellees move to strike from the transcript the purported statement of facts, upon the further ground not indicated in their brief, that it is a separate paper from the transcript, and is not certified or identified in any way other than by its titles, as the statement of facts in this cause.

The objection is made by appellant, that counsel should have noticed this defect in their brief, and having failed to do so, are now precluded from moving against it; but upon the authority of *Mulkey* v. *McGrew*, decided at the last term of this Court, we hold the contrary.

Recurring now to the last objection to the statement of facts, we find that that document is a separate paper from the balance of the transcript—that it bears no file mark of the clerk of the

lower Court, and is accompanied with no evidence that it was transmitted to this Court with the transcript by the clerk of the lower Court, as the statement of facts in this cause. The paper may be a statement of facts in some other cause. After having been settled, it may have been withdrawn by the parties. If it had been deposited with the clerk of the lower Court, and that fact properly evidenced, we might presume from the identity of the parties that it belonged to this cause ; and might presume further, from the fact of its being here, that it had come here properly. In its present shape, we cannot consider it at all. Inasmuch as this objection was taken for the first time at the argument, we think the appellant should have an opportunity to cure the defect, and will order that the paper purporting to be the statement of facts be stricken from the transcript, unless appellant cause it to be properly certified by the clerk of the lower Court on or before July 27, inst.; and for this purpose appellant may have leave to withdraw the same from the files of this Court.

The appellant should have asked for this relief by cross motion, and it is now granted by the Court, *ex mero motu,* because of the informal manner in which the question was raised, and for the purpose of indicating the correct practice in such matters hereafter.

I concur : S. C. WINGARD, Associate Justice.

The action in the Court below was brought by the appellees against the appellant for the breach of a contract described as follows:

" Said defendant entered into a contract with plaintiffs, by the terms of which it was among other things mutually agreed, to the effect that said defendant should cut, cord, and furnish to plaintiffs, within a reasonable time thereafter, all the cord wood on the lands known as the Bishop and Johnson lands, situate at Irondale, Jefferson County, aforesaid, for the purpose of the whole thereof being made into good and merchantable charcoal, by plaintiffs ; and said defendant further agreed to pay plaintiffs eight cents for each and every bushel of said charcoal delivered by plaintiffs to defendant, and to charge plaintiffs for said wood at the rate of one dollar for every forty bushels of charcoal delivered as aforesaid, and no more."

The complaint alleges performance upon the part of plaintiffs. with all the conditions of the contract, and alleges as a breach by the defendants the refusal to deliver the balance of the wood. described in the contract—some four thousand cords—to be made into charcoal by the plaintiffs.

The defendant, in its answer, denies all the material allegations. of the complaint.    For an affirmative defense, it sets out *in hæc verba*, a written contract entered into between the plaintiffs and itself, on the day alleged in the complaint as the day on which the contract sued on was made; whereby it was to deliver to the plaintiffs, to be made up into charcoal, ten thousand cords. of wood, more or less; alleges that no other contract than the contract thus set out was ever entered into between plaintiffs and itself, and alleges that it has fully performed the conditions of said contract, by delivering to the plaintiffs some thirteen thousand cords of wood.

The plaintiffs replied to the answer as follows : " That at the time of the making of said written agreement, and thereafter, it was mutually agreed by and between plaintiffs and defendants, in addition to said writing, and as part of the contract sued on in this action, that defendant should furnish plaintiffs within a reasonable time, and plaintiffs should manufacture into charcoal and deliver at the price named in the said writing, all the cord-wood then cut and corded, or standing, or lying, or being upon all the lands known as the Bishop and Johnson lands, situated at Irondale aforesaid.

The defendants demurred to this reply, which demurrer was. overruled.    The parties then went to trial, and the trial resulted in a verdict for plaintiffs.    The cause is here by appeal under the Act of 1883.

The first matter assigned by the appellant in error, which we shall notice, is the failure of the Court to sustain the demurrer to the reply.    The appellant attacks the reply as a departure in pleading.    The appellees attempt to sustain it as a new assignment of the contract described in the complaint.    In our judgment it is neither.    It is not a departure, because it is perfectly consistent with the complaint.    It is not a new assignment, because there is no such thing as a new assignment, as that term was understood at common law, under our system of pleading.

If, under our system, it becomes necessary for a party to re-state his cause of action, he may do so by amendment. The reply must traverse, or confess and avoid. (Code, Section 86.)

But the reply was, for the purposes of the action, wholly impertinent. It should have been stricken from the cause. It was no more impertinent, however, than the affirmative defense which it professed to reply to. Under our system of pleading, the technical learning of the common law pleader is of but little account. The plaintiff is required to state his cause of action with sufficient particularity to apprise the defendant of its true character. The defendant, in his answer, must deny the facts alleged in the complaint, or he must state new matter in avoidance, or by way of counter claim. If these several pleadings are not accurate and full, the party required to take the next step may have them made more definite and certain before he proceeds. With these fundamental principles kept in view, there ought to be little difficulty in framing correct pleadings.

In this case, the defendant denied all the matters averred in the complaint.

His affirmative defense cannot be construed as doing more; neither the supposed affirmative defense, nor the reply to it, added any thing to the issue, which was fully and completely made up when the defendant denied that it made the contract described in the complaint.

It added nothing to that denial to set out affirmatively the version of the contract which defendant insisted was the true one. Seeking no affirmative relief, it made no difference what other contract it had made with plaintiff, if it had not made the one sued on.

The Court properly overruled the demurrer to the reply.

The record shows that the defendant, before demurring, moved to strike the reply, but upon what ground is not shown.

No exception was reserved to the action of the Court overruling that motion. In any event, we should not consider the error as sufficient to justify a reversal. The defendant was not prejudiced by the reply, except in the matter of additional costs, and it had set the example of making useless costs by filing an answer stuffed with impertinent averments.

The next matter assigned as error is, the action of the Court in permitting the plaintiffs to introduce in evidence " negotiations, propositions, talks and bargainings " had between the parties prior to the making of the written contract.

Without deciding whether the facts received in evidence are accurately described in the assignment, or whether, such as they were, the Court erred in receiving them, it is sufficient to say that the Court, in its charge to the jury, withdrew all such facts from their consideration.

This cured the error in receiving the facts, if there was any error.

The next and last assignment of error insisted on is, that the Court permitted the plaintiffs to show a verbal contract made after the making of the written contract, whereby the number of cords of wood to be delivered the plaintiffs to be made into charcoal was increased from the number fixed by the written 'contract to all the wood on the Bishop and Johnson lands.

It is insisted by the appellants that the contract being for the sale of goods, wares, and merchandise of the value of fifty dollars or more, the same is required to be in writing, and that the terms cannot be altered or added to by parol.  The contract in this case was for the delivery by the defendant to plaintiffs of a certain quantity of wood, which was to be manufactured into charcoal by plaintiffs, and then delivered to the defendant.  In the settlement between the parties, the defendant was to be allowed for the wood at the rate of one dollar per cord, and the plaintiffs were to be allowed for the charcoal at the rate of eight cents per bushel.  The defendant agreed in the written contract to pass credits from plaintiffs " on their books for all labor performed in their coal contract, and when the contract is completed to pay them, their hands, and coal haulers, the full amount due them."  The defendant was to furnish all coal beds, said beds to be returned to them on the completion of the contract. By a further provision, " all cookery utensils and supplies, and all tools and property of every description used in the performance of this contract, received from this company (the defendant), and remaining unpaid for, shall not be subject to sale or other disposition by said parties of the second part," etc.

It seems plain from this description of the contract that it

was not a contract of sale, and hence that it was not within the Statute of Frauds. (*Goodred* v. *Binney*, 115 Mass. 450; *Hight* v. *Repley*, 19 Maine, 137; *O'Neil* v. *New York Mining Co.*, 3 Nev. 141; 3 Wait's Actions and Defenses, 514; 7 Wait's Actions and Defenses, 49.)

The contract not being one required to be in writing, it might be altered by parol, and the written contract and the verbal alterations stand as one contract. (Bishop on Contracts, Secs. 643, 645, 647; 7 Wait's Actions and Defenses, 377.)

The verbal contract proven in the Court below conforms to the contract averred in the complaint, and there was no error in receiving the same.

The judgment of the Court below is affirmed.

We concur: JOHN P. HOYT, Associate Justice.
S. C. WINGARD, Associate Justice.